UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
Western Division
Office of the Clerk

| | |
|---|---|
| *Thomas M. Gould, Clerk* | *Deputy-in-Charge* |
| *242 Federal Building* | *U.S. Courthouse, Room 262* |
| *167 N. Main Street* | *111 South Highland Avenue* |
| *Memphis, Tennessee 38103* | *Jackson, Tennessee  38301* |
| *(901) 495-1200* | *(731) 421-9200* |

# NOTICE OF SETTING
**Before Judge Sheryl H. Lipman, United States District Judge**

**July 29, 2015**

 RE:   2:15-cv-02354-SHL
        Laverne Wright v. Sam's Club #6256

Dear Sir/Madam:

A **SCHEDULING CONFERENCE** pursuant to Rule 16(b) of the Federal Rules of Civil Procedure has been **SET** for **WEDNESDAY, SEPTEMBER 2, 2015** at **9:00 A.M.** before **Judge Sheryl H. Lipman in Courtroom 4, on the 9th floor of the Federal Building, Memphis, Tennessee.**

**Counsel should be prepared to discuss all pending motions.**

**\*The Court prefers to have counsel present in person for the initial scheduling conference.**  However, out-of town counsel may request to participate by telephone.  The request must be made in writing (e-mail is preferable - see address below) at least 5 days prior to the conference.  If the request to participate by telephone is granted, counsel may call 888-808-6929 to dial into the conference call.  The access code is 4970554.

**PLEASE REVIEW THE ATTACHED INSTRUCTIONS.**

If you have any questions, please contact the case manager at the telephone number or email address provided below.

 Sincerely,
 THOMAS M. GOULD, CLERK
  BY: *s/Joseph P. Warren*,
   Case Manager to Judge Sheryl H. Lipman
   901-495-1242
   joseph_warren@tnwd.uscourts.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

**CASE MANAGEMENT INSTRUCTIONS – STANDARD CIVIL CASES**

Fed.R.Civ.P 26 and Local Rule 16 shall guide the conduct of the parties in their preparation of the case.

I.     SCHEDULING CONFERENCE

A Rule 16 scheduling conference will be conducted by the Court as soon as possible, but no later than within 180 days after the filing of the complaint or within 60 days of the filing of the return of service or waiver of service of the last defendant, whichever is earlier.

II.    ATTENDANCE REQUIRED

The attendance of counsel with significant knowledge of the case and all unrepresented parties is required at the scheduling conference. Counsel and unrepresented parties must be prepared to address any pending motions as well as motions which may be raised orally at the conference. Counsel and unrepresented parties must also be prepared to discuss the case in depth and make binding decisions regarding how the case will proceed. Although the Court prefers to have counsel in person at the conference, out-of-town counsel may request permission from the Court to participate in the conference by phone. The request to participate by phone must be in writing at least five (5) days prior to the conference, and include the names and telephone numbers of all parties participating via phone.

III.   BEFORE THE SCHEDULING CONFERENCE:  MEET AND CONFER

Pursuant to Fed.R.Civ.P 26(f), the parties shall, at least 14 days prior to the Rule 16 scheduling conference, meet for discussion and the preparation of a proposed discovery plan. The parties shall file with the Court a written report outlining the proposed discovery plan, and a proposed scheduling order using the format of Exhibit "A" hereto, at least four (4) days before the first scheduling conference. **Please propose appropriate deadlines for the specific case at issue, rather than use the approximated schedule from the form order attached.** In addition, please see Form 52, Appendix to Fed.R.Civ.P, for a checklist of the items to be discussed at the Rule 26 (f) meeting which should be included in your written report. No more than 10 days after the Rule 26 (f) meeting (i.e., at least 4 days before the scheduling conference), the parties shall make disclosures pursuant to Rule 26 (a)(1) without formal discovery requests.

IV.    <u>SUBJECTS TO BE DISCUSSED AT SCHEDULING CONFERENCE</u>

Generally, at the scheduling conference, the following subjects will be addressed:

The status of the case, the general nature of the claims and defenses, issues in the case, and potential use of experts;

Jurisdictional and statute of limitations issues (if motions have not already been filed, the Court should be advised at the scheduling conference that there are preliminary matters which require early disposition);[1]

Setting of all deadlines in the case (see Exhibit "A"), as well as the trial date, pretrial conference and other appropriate deadlines. The court expects to set a definite trial date for this case which does not conflict with criminal case settings. The trial date will be consistent with the particular needs of this case and will be no later than eighteen months from the date of filing, unless the court certifies that the court's calendar does not so permit or the complexity of the case requires a later setting.

The desire of the parties to consent to all further proceedings in the case being handled by the magistrate judge in accordance with 28 U.S.C. § 636(c) (including entry of final judgment, with any appeal directly to the Sixth Circuit Court of Appeals);

The possibility of settlement, your position regarding settlement, your proposed deadline to engage in alternative dispute resolution and whether you have reached an agreement on the selection of a mediator;

Status of all document discovery (parties are encouraged to promptly exchange core document information and, where necessary, to promptly issue requests for production of documents and subpoenas <u>duces</u> <u>tecum</u> to third parties);

Any anticipated discovery problems (i.e., the necessity of protective orders, the necessity of inspection of facilities, witness unavailability, delays which may be occasioned because of an individual's physical or mental condition, etc.);

Estimated trial time, and any special issues anticipated in connection with trial; and

Any pending motions or motions which may be raised orally at the conference.

---

[1] Similarly, questions of class certification, qualified immunity, or conflict of interest should be raised at the first possible occasion and no later than the initial Rule 16(b) scheduling conference.

3

V.     ORDER TO BE ENTERED

An order will be entered by the Court following the scheduling conference.  The order will be based on the proposed order submitted by counsel and the discussion at the conference.  The dates adopted will be those that meet the needs of the specific case at issue, even if the dates provide for a shorter schedule for the matter.

VI.    SANCTIONS FOR FAILURE TO APPEAR

Failure to appear at the scheduling conference, or to comply with the directions of the Court set forth herein, may result in an ex parte hearing being held and the entry of such order as is just, including a judgment of dismissal with prejudice or entry of a default judgment, or other appropriate sanctions, such as attorney's fees and expenses of opposing counsel, without further notice to the party who fails to appear.

EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| Plaintiff, | ) ) ) ) | |
| vs. | ) ) | No. _____ |
| Defendant. | ) ) ) ) ) | |

**MODEL SCHEDULING ORDER FOR ROUTINE CASES**

Pursuant to written notice, a scheduling conference was held on [date]. Present were

_____, counsel for plaintiff, and _____, counsel for defendant. At the

conference, the following dates were established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: _____
(should be made before the Rule 16(b) conference, or as soon as possible thereafter)

**MOTIONS TO JOIN PARTIES**: _____
(within 2 months after conference)

**MOTIONS TO AMEND PLEADINGS**: _____
(within 2 months after conference)

**MOTIONS TO DISMISS**: _____
(within 3 months after conference)

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**   **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** _____
           (within 12 weeks after the scheduling conference)

    **(b)**     **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

        **MEDIATOR'S NAME:** _____
                                 [insert name of mediator]

        **STIPULATION FILING DATE:** _____
(if no mediator has been selected by the parties, within 1 week of scheduling conference)

(If the parties fail to agree upon a Mediator by this deadline, the Court shall select a Mediator for the case from the Court's Mediator list and shall issue an Order notifying the parties of the Mediator's identity)

**COMPLETING ALL DISCOVERY**: _____
(within 6 to 8 months after conference)

    **(a)**     **DOCUMENT PRODUCTION AND INTERROGATORIES**: _____
(Same as discovery deadline or at intervals during the discovery period)

    **(b)**     **DEPOSITIONS AND REQUESTS FOR ADMISSIONS[1]**: _____
(Same as discovery deadline or at intervals during the discovery period)

    **(c)**     **EXPERT WITNESS DISCLOSURES (Rule 26)**:

        **(1)**     **DISCLOSURE OF PLAINTIFF'S RULE 26 EXPERT INFORMATION**: _____
(2 months before close of discovery)

        **(2)**     **DISCLOSURE OF DEFENDANT'S RULE 26 EXPERT INFORMATION**: _____
(1 month before close of discovery)

        **(3)**     **EXPERT WITNESS DEPOSITIONS**: _____
(by discovery deadline)

**MOTIONS TO EXCLUDE EXPERTS/<u>DAUBERT</u> MOTIONS:** _____
(within 1 month after close of discovery)

---

[1] No depositions may be scheduled to occur after the discovery deadline. All motions, requests for admissions, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable opposing counsel to respond well in advance of the close of discovery.

**FILING DISPOSITIVE MOTIONS**: _____
(within 1 month after close of discovery)

**PRETRIAL ORDER DUE:** _____

**PRETRIAL CONFERENCE DATE:** _____

**NON/JURY TRIAL:** _____, 20\_\_ at 9:30 a.m.  Trial is anticipated to last approximately \_\_\_ days.

The parties **[do] / [do not]** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and [have agreed that e-discovery is not appropriate in this case and therefore they will not seek e-discovery] / [have reached an agreement regarding e-discovery and hereby submit the parties' e-discovery plan for the court's approval] / [have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the court approves the parties' e-discovery plan].

[Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver].

Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60 shall, be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion.  Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

   Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the court.  Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

   ***This order has been entered after consultation with the parties.  Absent good cause shown, the deadlines set by this order will not be modified or extended.***

   IT IS SO ORDERED this____day of _____, 20____.


                _____
                SHERYL H. LIPMAN
                UNITED STATES DISTRICT JUDGE


F:\Judges Chambers\Judge Lipman Chambers\shared folder\Cathy Shared\Forms\SHL Case Management Instructions - Standard Civil.docx
Revised: 12/8/2014